IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00743–WYD–KMT

CARL TRAENKNER, JR., and
ROSEMARY TRAENKNER,

 Plaintiffs,

v.

MATTHEW CAPALBO,
KEVIN CAPALBO, and
NORTH RANGE BEHAVIORAL HEALTH, a Colorado not for profit corporation,

 Defendants.

## ORDER

 This matter is before the court on Defendants Matthew Capalbo and Kevin Capalbo's ("Capalbo Defendants") "Motion for Leave to File Designation of Nonparties at Fault Pursuant to C.R.S. § 13-21-111.5" (Doc. No. 47 [Mot.], filed August 7, 2015). Plaintiffs filed their response on August 28, 2015. Defendants did not file a reply.

### *FACTUAL BACKGROUND*

 In their First Amended Complaint, Plaintiffs allege claims against the Capalbo Defendants for wrongful death and negligence and a claim under Colorado's Premises Liability Act regarding the death of Plaintiffs' son, who Plaintiffs alleged died from a heroin overdose in the Capalbo Defendants' garage. (*See* Doc. No. 42 [Am. Compl.].)

*ANALYSIS*

Federal courts sitting in diversity are bound by state statutes when deciding questions of substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The "Erie doctrine," as it has come to be known, has been interpreted to mean that federal courts are to apply state substantive law, but federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). In this case, this court will apply state law with respect to the timeliness and adequacy of notice pursuant to Colo. Rev. Stat. § 13–21–111.5(3)(b). *Resolution Trust Corp. v. Deloitte & Touche*, 818 F. Supp. 1406, 1407 (D. Colo. 1993).

Colo. Rev. Stat. § 13–21–111.5(3)(b) provides, the "[n]egligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary." Upon such a designation, the jury may consider those nonparties when apportioning liability at trial. *Antolovich v. Brown Group Retail, Inc.*, 183 P.3d 582, 591–592 (Colo. App. 2007); *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 535 (Colo. 1997). Nonparty designation "ensures that parties found liable will not be responsible for more than their fair share of the damages." *Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. App. 2002).

Plaintiffs commenced this action on April 9, 2015. (Doc. No. 1.) Thus, any designation of nonparties of fault should have been filed on or before July 8, 2015. The Capalbo Defendants argue that they did not timely file their designation of nonparties "[b]ecause of the procedural history of this matter," including Defendant Kevin Capalbo's previously-filed motion to dismiss and the Capalbo Defendants' recently-filed motion to dismiss Plaintiffs' Amended Complaint.

(Mot., ¶ 7.)  Plaintiffs argue that Defendant has not shown the excusable neglect normally required under Fed. R. Civ. P. 6(b) to extend the time required for a filing.  (Resp. at 3–6.)

The moving party has the burden of demonstrating the "necessity" for the requested extension of time to file a designation of nonparties.  *See Redden v. SCI Colorado Funeral Services, Inc.*, 38 P.3d 75, 84 (Colo. 2001) (rejecting an untimely designation of nonparties where the movant "made no effort to justify the late filing or support it with specific good cause").  Here, the Capalbo Defendants have failed to articulate why the "procedural history of this matter" prevented them from timely filing their designation of nonparties.  Moreover, the Capalbo Defendants have failed to show why an extension of time to file their designation of nonparties is *necessary* under Colo. Rev. Stat. § 13–21–111.5(3)(b).

Additionally, nonparty designations must contain identifying information about the nonparty and "a brief statement of the basis for believing such nonparty to be at fault."  Colo. Rev. Stat. § 13–21–111.5(3)(b).  The designation must contain facts sufficient to "satisfy all the elements of a negligence claim."  *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 81 (Colo. 2001); *see also Stone v. Satriana*, 41 P.3d 705, 709 (Colo.2002) (interpreting *Redden* to require that designations "establish a *prima facie* case" against the nonparty).  Courts should construe designation requirements strictly to avoid a defendant attributing liability to a nonparty from whom the plaintiff cannot recover.  *Redden*, 38 P.3d at 80.

The Capalbo Defendants' designation of "John/Jane Doe" whose "[a]ddress and telephone number [are] unknown at this time" is improper and does not meet the statutory requirements for a designation of a nonparty at fault.

**WHEREFORE**, for the foregoing reasons, it is

3

**ORDERED** that the "Motion for Leave to File Designation of Nonparties at Fault Pursuant to C.R.S. § 13-21-111.5" (Doc. No. 47) is **DENIED**.

Dated this 29th day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge