IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15–cv–00743–WYD–KMT

CARL TRAENKNER, JR., and
ROSEMARY TRAENKNER,

    Plaintiffs,

v.

MATTHEW CAPALBO,
KEVIN CAPALBO, and
NORTH RANGE BEHAVIORAL HEALTH, a Colorado not for profit corporation,

    Defendants.

## ORDER

This matter is before the court on Plaintiffs' "Motion for Leave to Amend Complaint" (Doc. No. 58 [Mot.], filed September 24, 2015). Defendants Matthew Capalbo and Kevin Capalbo filed their response on October 8, 2015 (Doc. No. 62 [Resp.]), and Plaintiffs filed their reply on October 22, 2015 (Doc. No. 64 [Reply]).

## BACKGROUND

In their First Amended Complaint, Plaintiffs allege claims against the Defendants Matthew Capalbo and Kevin Capalbo for wrongful death and negligence and a claim under Colorado's Premises Liability Act regarding the death of Plaintiffs' son, who Plaintiffs alleged died from a heroin overdose in the Capalbo Defendants' garage. (See Doc. No. 42) Plaintiffs

seek to amend their complaint to "correct the deficiencies alleged by the Capalbos in their prior motions to dismiss." (Mot. at 2.)

## ANALYSIS

The Capalbo Defendants argue that the Motion to Amend should be denied because (1) Plaintiffs have not shown good cause to modify the Scheduling Order, (2) justice does not require the court to grant Plaintiffs' Motion to Amend, and (3) Plaintiffs' new allegations do not satisfy the Rule 11 standard. (*See* Resp.)

*1.     Rule 16*

A scheduling order deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). To demonstrate good cause pursuant to Rule 16, Plaintiffs must "show that [they have] been diligent in attempting to meet the deadlines, which means [they] must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted).

The deadline for seeking to amend pleadings in this case was September 4, 2016. (Doc. No. 35.) The Capalbo Defendants filed their Motion to Dismiss Plaintiffs' First Amended Complaint on August 6, 2015. (Doc. No. 46.) Plaintiffs timely filed their "Response to Defendant Matthew Capalbo's and Kevin Capalbo's Motion to Dismiss Amended Complaint and Motion for Leave to Amend Complaint" on August 27, 2015. (Doc. No. 50.) On September 17,

2016, three weeks later, this court denied the motion to amend without prejudice for Plaintiffs' failure to comply with D.C.COLO.LCivR 7.1(d) and 15.1. (Doc. No. 56.) On September 24, 2015, just one week later, Plaintiffs filed the present motion to amend, which complied with this Court's Local Rules of Practice. (Mot.)  The court finds the plaintiffs were diligent in attempting to meet the deadlines set by this court for amending their complaint.

*2.     Rule 15*

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " *Id.* (quoting Fed. R. Civ. P. 15(a)(2)).

To the extent the Capalbo Defendants argue the plaintiffs have unduly delayed in seeking to amend their complaint, as a general rule, "[l]ateness does not of itself justify the denial of the amendment." *Minter*, 451 F.3d at 1205. However, "untimeliness alone [can be] a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). In assessing undue delay, "[t]his Circuit focuses primarily on the reasons for the delay" and has held that denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." *Minter*, 451 F.3d at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)). Furthermore, the longer the delay in filing the motion to

3

amend, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." 451 F.3d at 1205 (citations omitted)(ruling that "a party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time").  Here, as discussed above, the court finds the plaintiffs did not unduly delay in seeking to amend their complaint.

Defendants argue that Plaintiffs should not be allowed to attempt to cure deficiencies in their First Amended Complaint because "[any] necessary 'clarifications' could have been completed at the time Plaintiffs filed their initial Complaint or at least at the time Plaintiffs filed their first Motion for Leave to Amend." (Resp., ¶ 39.)  The court finds instructive the Advisory Committee's comments concerning the 2009 Amendments to Rule 15:  "This [new] provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the [Rule 12(b)] motion.  A responsive motion may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim."  Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments.  While the note focuses on the rule's allowance of amendment once as a matter of course, the committee specifically emphasizes the importance of allowing amendment to correct deficiencies in the pleading, which may be raised by a Rule 12(b) motion, and frame the issues to be decided.

With these notes in mind, the court finds that it is not improper to amend a pleading pursuant to Rule 15 to correct deficiencies in the pleading that are raised in a Rule 12(b) motion. Moreover, the court perceives no bad faith in the proffer of the proposed amendments.[1]

The Capalbo Defendants also argue that, if the proposed amendments are allowed, they will suffer undue prejudice due to the further delay of the resolution of their motion to dismiss, causing unnecessary expenses in conducting discovery and obtaining experts. (Resp., ¶ 43.) Undue prejudice is the "most important" factor in deciding a motion to amend the pleadings. *Minter*, 451 F.3d at 1208. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." 451 F.3d at 1207 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir.1971)). This occurs most often "when the amended claims arise out of subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 452 F.3d at 1208.

Plaintiffs' amendments do not create undue prejudice. The amendments do not add claims; they augment existing claims against with more factual allegations. This is permissible. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of prejudice when the "[p]etitioner's amended claims track the factual situations set forth in his [original] claims"), *Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir. 1982) (ruling that the district court's refusal to allow an amendment was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint"), *and see R.E.B., Inc. v.*

---

[1] The Capalbo Defendants assert that the plaintiffs have repeatedly failed to cure the deficiencies in their complaints. However, the court notes that, though this is Plaintiffs' third motion to amend their complaint, the court did not rule on the merits of Plaintiffs' second motion to amend their complaint but, rather, denied the motion on procedural grounds.

*Ralston Purina Co.*, 525 F.2d 749, 751–52 (10th Cir. 1975) (finding no prejudice when "[t]he amendments did not propose substantially different issues"). Moreover, the discovery deadline is not until April 30, 2016, and trial is not set.

### 3.     *Rule 11*

Finally, the Capalbo Defendants argue Plaintiffs' new allegations do not satisfy the standard of Rule 11.  (Resp. at 13–15.)  Rule 11, as applicable here, provides that when an attorney files a complaint, he "certifies that to the best of [his] knowledge, information and belief, formed after an inquiry reasonable under the circumstances," that (1) it was not filed for an improper purpose, (2) the claims are warranted by existing law or a nonfrivolous argument for extending the law, and (3) there is, or likely will be after a reasonable opportunity for further investigation or discovery, evidentiary support for the factual allegations.  Fed. R. Civ.P. 11(b). In other words, an attorney may not file a complaint for which there is not a good faith basis in fact and in law.

Having reviewed not only the proposed Second Amended Complaint and the briefing on the motion to amend, the court finds that defendants have not shown the lack of a good faith basis for the allegations of the complaint.  Rather, it appears to this court that such an argument is premature.  Plaintiffs have asserted the facts "[u]pon information and belief," (s*ee* Resp., ¶ 12), and it is very likely that the plaintiffs will have "evidentiary support [for the factual contentions] after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(3).

## CONCLUSION

Wherefore, for the foregoing reasons, it is

**ORDERED** that Plaintiffs' "Motion for Leave to Amend Complaint" (Doc. No. 58) is **GRANTED**. Plaintiffs may file their Second Amended Complaint no later than February 10, 2016.

Dated this 8th day of February, 2016.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge