IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00743–WYD–KMT

CARL TRAENKNER, JR., and
ROSEMARY TRAENKNER,

    Plaintiffs,

v.

MATTHEW CAPALBO,
KEVIN CAPALBO, and
NORTH RANGE BEHAVIORAL HEALTH, a Colorado not for profit corporation,

    Defendants.

## ORDER

This matter is before the court on Defendants Matthew Capalbo and Kevin Capalbo's ("Capalbo Defendants") "Motion for Leave to File Designation of Nonparties at Fault Pursuant to C.R.S. § 13-21-111.5" (Doc. No. 47 [Mot.], filed August 7, 2015). Plaintiffs filed their response on August 28, 2015. (Doc. No. 51 [Resp.].) The Capalbo Defendants filed their reply on September 11, 2015. (Doc. No. 55 [Reply].)

### *FACTUAL BACKGROUND*

In their Second Amended Complaint, Plaintiffs allege claims against the Capalbo Defendants for wrongful death and negligence and a claim under Colorado's Premises Liability Act regarding the death of Plaintiffs' son, who Plaintiffs alleged died from a heroin overdose in the Capalbo Defendants' garage. (*See* Doc. No. 58-2 [Second Am. Compl.].)

When they filed their motion, the Capalbo Defendants sought to designate as nonparties "John/Jane Doe" who they contend "provided heroin to Bradley Traenker" and who is wholly or partially at fault for his death. (*See* Doc. Nos. 47-3.) When they filed their reply, the Capalbo Defendants amended their designation to add Roy Andrew Davies, "Sean," and "Macs" based on police records produced by Plaintiffs on September 1, 2015. (*See* Reply at 2 & Ex. C.)

## *ANALYSIS*

Federal courts sitting in diversity are bound by state statutes when deciding questions of substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The "Erie doctrine," as it has come to be known, has been interpreted to mean that federal courts are to apply state substantive law, but federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). In this case, this court will apply state law with respect to the timeliness and adequacy of notice pursuant to Colo. Rev. Stat. § 13–21–111.5(3)(b). *Resolution Trust Corp. v. Deloitte & Touche*, 818 F. Supp. 1406, 1407 (D. Colo. 1993).

Colo. Rev. Stat. § 13–21–111.5(3)(b) provides, the "[n]egligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary." Upon such a designation, the jury may consider those nonparties when apportioning liability at trial. *Antolovich v. Brown Group Retail, Inc.*, 183 P.3d 582, 591–592 (Colo. App. 2007); *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 535 (Colo. 1997). Nonparty designation "ensures that parties found liable will not be responsible for more than their fair share of the damages." *Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. App. 2002).

*A.     Timeliness of Designations*

Plaintiffs commenced this action on April 9, 2015.  (Doc. No. 1.)  Thus, any designation of nonparties of fault should have been filed on or before July 8, 2015.  The Capalbo Defendants state that they did not timely file their designation of nonparties "[b]ecause of the procedural history of this matter," including Defendant Kevin Capalbo's previously-filed motion to dismiss and the Capalbo Defendants' recently-filed motion to dismiss Plaintiffs' Amended Complaint.  (Mot., ¶ 7.)

Plaintiffs argue that Defendant has not shown the excusable neglect normally required under Fed. R. Civ. P. 6(b) to extend the time required for a filing.  (Resp. at 3–6.)  However, Colorado's corresponding rule, C.R.C.P. 6(b), by its own terms, applies only to requests to enlarge deadlines set forth in the rules of civil procedure, a notice under those rules, or a court order and does not apply to statutorily established time periods.  *See* C.R.C.P. 6(b).  Rather, when considering the propriety of an extension of time pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b),

> [t]he Colorado Supreme Court has identified three factors to be considered in determining whether to extend the 90 day period: (1) whether the neglect was excusable; (2) whether the party making the late designation has alleged a meritorious defense or claim; and (3) whether relief from the deadline would be inconsistent with equitable considerations.

*Daugherty v. Bissell*, Case No. 08-cv-01931-WYD-BNB, 2009 WL 2853108, at *2 (D. Colo. Sept. 1, 2009) (quoting *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 84 (Colo. 2001)).  The moving party has the burden of demonstrating the "necessity" for the requested extension of time to file a designation of nonparties.  *See Redden*, 38 P.3d at 84 (rejecting an untimely

designation of nonparties where the movant "made no effort to justify the late filing or support it with specific good cause").

Here, the Capalbo Defendants have failed to articulate why the "procedural history of this matter" prevented them from timely filing their designation of nonparties. Moreover, the Capalbo Defendants have failed to show why an extension of time to file their designation of nonparties is *necessary* under Colo. Rev. Stat. § 13–21–111.5(3)(b). Nevertheless, the Capalbo Defendants filed their motion to file their designation only three and one-half weeks late and well before the discovery cutoff, which is now set at April 30, 2016. Moreover, no trial date has been set. Courts have supported more latitude in filing the initial notice of non-party liability under these circumstances. *Antolovich*, 183 P.3d at 592–93.

The court finds that extending the deadline beyond the statutory ninety day period is reasonable and consistent with equitable considerations. *Cf. Redden, supra*, 38 P.3d at 83–84 (trial court did not abuse its discretion in refusing to accept nonparty designations filed "nearly six months after the statutory deadline, and twenty-one days after the court-ordered deadline"); *Chavez v. Parkview Episcopal Med. Ctr.*, 32 P.3d 609, 611 (Colo. App. 2001)(trial court did not err in refusing to accept nonparty designations filed "seven months after the case was initiated").

**B.**     *Sufficiency of Designation*

Additionally, nonparty designations must contain identifying information about the nonparty and "a brief statement of the basis for believing such nonparty to be at fault." Colo. Rev. Stat. § 13-21-111.5(3)(b). The designation must contain facts sufficient to "satisfy all the elements of a negligence claim." *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 81 (Colo. 2001); *see also Stone v. Satriana*, 41 P.3d 705, 709 (Colo.2002) (interpreting *Redden* to require

that designations "establish a *prima facie* case" against the nonparty).  Courts should construe designation requirements strictly to avoid a defendant attributing liability to a nonparty from whom the plaintiff cannot recover.  *Redden*, 38 P.3d at 80.  "Unidentified or unknown persons may be designated as nonparties."  *Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. App. 2002) (citing cases).

Plaintiffs argue that the Capalbo Defendants have not provided evidence demonstrating that Bradley Traenkner was provided heroin by a John/Jane Doe and that the designation is nothing more than speculation.  However, Plaintiffs' initial Complaint, First Amended Complaint, and Second Amended Complaint allege that Matthew Capalbo drove Bradley to a residence in Fort Collins, Colorado and that Bradley found heroin at that residence:

- "Matthew [Capalbo] drove Bradley to a residence where Bradley found heroin, overdosed and passed out of consciousness in Kevin's vehicle."  (Doc. No. 1, ¶ 19.)
- "Matthew drove Bradley to a residence where Bradley found and used heroin. . . . Matthew could tell that Bradley was 'high' after Bradley returned to Kevin's vehicle."  (Doc. No. 42, ¶¶ 19–20.)
- "Matthew drove Bradley around looking for illegal drugs or in the alternative gave Bradley heroin . . . . Matthew drove Bradley to a residence where Bradley consumed heroin."  (Doc. No. 58-2, ¶¶ 19–20.)

Moreover, Plaintiffs produced police records to the Capalbo Defendants related to the investigation of Bradley's death on September 1, 2015.  (Reply at 2.)  The records include the names and telephone numbers of individuals whom Bradley contacted immediately upon his release from North Range Behavioral Health and before Defendant Matthew Capalbo drove Bradley to Fort Collins.  (*See* Reply, Ex. A at 10–12.)  The police records show that Bradley contacted at least three individuals in an attempt to obtain illegal drugs.  (*Id.*)  One of those individuals indicated that he could provide drugs to Bradley.  (*Id.* at 10–11.)

The court finds that the Capalbo Defendants sufficiently have complied with Colo. Rev. Stat. § 13-21-111.5(3) ) and that the designation of the unidentified persons who may have provided Bradley Tranker with heroin alleges a sufficient basis for believing the nonparty or nonparties to be wholly or partially at fault.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that the "Motion for Leave to File Designation of Nonparties at Fault Pursuant to C.R.S. § 13-21-111.5" (Doc. No. 47) is **GRANTED**. The Capalbo Defendants may file their Supplemental Designation of Nonparties at Fault no later than February 11, 2016.

Dated this 9th day of February, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge